IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUDITH D. KRALOVIC, Individually and as Executrix of the Estate of Raymond C. Kralovic, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., *et al.*, <br><br> Defendants. | CASE NO.: 1:15 CV 1468 <br><br> JUDGE DONALD C. NUGENT <br><br> <u>MEMORANDUM OPINION</u> <u>AND ORDER</u> |

This matter is before the Court on Defendant U.S. Bank N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF #18). Plaintiff filed a Brief in Opposition to Defendant's motion, and Defendant filed a Reply in Support of its position. (ECF #21, 23). After careful consideration of the briefs and relevant law, and a review of the relevant filings and proceedings in the prior related action, this Court finds that Defendant's Motion should be GRANTED.

## BACKGROUND[1]

On or about January 31, 2007, Mr. Kralovic executed a promissory note, and later he and Mrs. Kralovic both executed an open-end mortgage in the principal amount of $1,000,000.00 to finance the real property located at 9121 Brakeman Road, Chardon, Ohio 44024. (ECF #16). In 2013 Mr. Kralovic passed away and Mrs. Kralovic became the executrix of estate.

In her capacity of executrix of her husband's estate, Mrs. Kralovic previously filed suit in this Court against Defendant U.S. Bank N.A. and others alleging, in pertinent part, that U.S. Bank violated provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, in connection with the loan and mortgage on the above mentioned property. (Case No. 1:14 CV 758, ECF #21). Plaintiff sought monetary damages for the alleged TILA violation and asked for a declaration as to which of the named defendants was the legitimate holder of the Note at issue in the case. (Id.).[2] The Complaint alleged that U.S. Bank, through its servicer, failed to provide requested information under 15 U.S.C. § 1641(f)(2), and failed to properly identity of the master servicer and investor. It also alleged that U.S. Bank breached a fiduciary duty to Mr. Kralovic.

---

[1] The facts set forth in this section are taken either from facts agreed upon by the parties or from judicial records. Any facts not already agreed upon or established in a prior proceeding are taken from the Plaintiff's Complaint and are accepted as true for purposes of this opinion only.

[2] Count Four of the First Amended Complaint alleged that there was a controversy regarding the amount due and owning under the note and mortgage and asked that the "Court set forth a declaration of the rights, status and legal relations of the parties under the note and mortgage." Further, the Prayer for Relief requested an award of "declaratory relief as to who is the person entitled to enforce the promissory note." There is no request for a determination as to the amount owed or for a determination as to the validity of the note and mortgage. Nor is there any allegation or request for a declaration that the note and mortgage are fully paid or that the payments were up to date. (Case No. 1:14 CV 748, ECF # 21).

U.S. Bank filed a motion to dismiss, which the Court granted in part and denied in part. The Court dismissed the breach of fiduciary duty claim and limited the claims against U.S. Bank to the TILA claim under Count One. The Court further specified that the remaining TILA claims could only be based on a potential violation for failure to provide direct contact information for the bank as the purported owner of the note. (Case No. 1:14 CV 758, ECF # 42). Damages were also limited to the statutory damages available under 15 U.S.C. § 1640(a)(2)(A)(1). (Id.). No specific mention was made in the briefing or in the Court's Order relative to the request for declaratory relief under Count Four.

Following the Court's Order on the Defendants' Motion to Dismiss, U.S. Bank made an offer of judgment under Fed. R. Civ. P. 68. Plaintiff accepted the offer and judgment was entered against U.S. Bank for monetary damages in the amount of $17,000.00, including all damages, attorney's fees, and costs. (Case No. 1:14 CV 758, ECF # 56).[3] The judgment did not include any declaration relating to the ownership of the loan nor did it in any way address the status of the underlying mortgage and or indebtedness.

Plaintiff now brings this action to quiet title on the property in question, and for declaratory relief finding that the Defendants in this action are barred from foreclosing on the mortgage because they failed to bring a foreclosure claim as a compulsory counterclaim in the prior action. Plaintiff contends that any foreclosure claim that could ever be raised would have

---

[3] J.P. Morgan Chase, another defendant in the prior action also presented an offer of judgment that was accepted by the Plaintiff. That judgment offer was in the amount of $19,671.21. Plaintiff's total judgment in the prior action amounted to $36,671.21 in statutory damages, attorney's fees, and costs for alleged technical violations of RESPA and TILA.

been a compulsory counterclaim to the declaratory judgment count in her prior Complaint. (ECF #21, at 5). Defendant argues that the declaratory judgment claim was no longer pending at the time a responsive pleading was required in the prior action, and, even if it were, a counterclaim for foreclosure or finding of default would have been permissive and not compulsory under the circumstances. (ECf #23).

## LEGAL STANDARD

Defendants seek dismissal of Plaintiffs claims under Fed. R. Civ. Pro. 12(b)(6). Under Fed. R. Civ. Pro. 12(b)(6), the court must construe the Complaint in the light most favorable to the plaintiff, accepting the factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). However, "courts are not bound to accept as true legal conclusion couched as factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937,1949-50 (2009). The factual allegations must assert facts that would raise the right to relief above a purely speculative level. *Id.*

The purpose of a motion to dismiss is to allow the court to eliminate actions that are "fatally flawed in their legal premises and destined to fail." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 1832 (1989). In order to survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a right to recovery under some viable legal theory." *Tam Travel, Inc. v. Delta Airlines,*

-4-

*Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)(quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)).

## ANALYSIS

The claims in this case are both contingent on a finding that Defendant is barred from ever enforcing the note and mortgage on the property at issue because it failed to bring a counterclaim for foreclosure in the prior action. The parties agree on the basic law relating to compulsory counterclaims. Federal Rule of Civil Procedure 13(a) provides that a "pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." "It is well established that failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Natl. Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991), citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469, 94 S. Ct. 2504 (1974).

Neither party contends that a claim for foreclosure or enforcement of the note at issue in this action would require adding a party over whom the court cannot acquire jurisdiction. Further, Plaintiff does not contend that a foreclosure action was a compulsory counterclaim to her TILA claim in the prior action. Therefore, the question at issue in this case is whether any potential future claim[4] by U.S. Bank for foreclosure "arises out of the transaction or occurrence"

---

[4] The fact that there is no allegation that a foreclosure action has been filed or is being contemplated by the Defendant raises questions as to the ripeness of this action. However,

that was the subject of Plaintiff's claim for declaratory judgment in the prior action.[5] It is this Court's opinion that it does not. The prior action had nothing to do with the validity of the loan or mortgage, nor did it address whether the loan was actually current or in default. All of Plaintiff's prior claims were based on an alleged failure by the loan servicer to provide correct information relating to the loan upon request. The transaction or occurrence that was the subject of these claims was Mrs. Kralovic's request for information and/or the servicers failure to provide adequate or accurate information. Any future claim to foreclose upon the property or otherwise enforce the note that financed the property would not arise from Mrs. Kralovic's prior request for information or from the servicer's failure to provide adequate or accurate information. Therefore, any available foreclosure action was not a compulsory counterclaim in the prior action.

Furthermore, in the prior action U.S. Bank could only have brought a counterclaim that was ripe and available to it at the time. Plaintiff has not actually alleged that U.S. Bank had a valid claim for foreclosure at the time the prior suit was filed. There is no allegation in this Complaint that there had been a default on the note, or that the foreclosure provisions of the

---

this issue was not briefed and the Court need not make a determination on this issue to decide the case.

[5] Defendant, U.S. Bank contends that the claim for declaratory judgment contained in Count Four did not survive its motion to dismiss and, therefore, was not a pending claim at the time it filed its responsive pleading, and could not, therefore, have compelled a counterclaim. However, Count Four was not addressed in the briefing of U.S. Bank's motion to dismiss, and was not addressed by the Court's Order deciding that motion. Further neither party treated Count Four as having been dismissed: Plaintiff sought default judgement on Count Four following the decision on the motion to dismiss, and U.S. Bank answered the claims in that Count in its Answer to the First Amended Complaint.

mortgage had been triggered at the time of Plaintiff's prior suit. Although Plaintiff alleged the existence of a "real controversy" regarding the actual amount owed under the note and mortgage, she did not allege that there was any dispute or controversy concerning whether the note was in default or whether foreclosure was permitted or justified under the terms of the mortgage.

Finally, even if the note was in default at the time of the prior suit, and a foreclosure claim based on that default were considered a compulsory counterclaim in the prior suit, this would not necessarily bar U.S. Bank from ever filing foreclosure or otherwise collecting on the debt evidenced by the note. Nothing in the prior action addressed the validity of the note or the mortgage. Thus, it is possible, depending on the terms of the mortgage, that U.S. Bank could base a foreclosure action on a future or continuing default, and even if no foreclosure were ever filed, the unpaid debt itself could justify a lien on the property. Therefore, even if there had been a foreclosure claim available to U.S. Bank at the time of its response in the prior action, and that claim constituted a compulsory counterclaim at the time, this would not justify the broad relief sought by Plaintiff in this action.

## CONCLUSION

For the reasons set forth above Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF # 18) is GRANTED. This case is dismissed. IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *February 10, 2016*